**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 21, 2023

S23Y0438. IN THE MATTER OF GUS VINCENT SOTO.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the State Disciplinary Review Board addressing a Notice of Reciprocal Discipline and an Amended Notice issued to Respondent Gus Vincent Soto (State Bar No. 779589) pursuant to Rule 9.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Soto failed to acknowledge service of the Notice or the Amended Notice, which were mailed to him at the post office box address on file with the State Bar's membership department. See Bar Rule 4-203.1 (a). The State Bar then properly served Soto by

publication pursuant to Bar Rule 4-203.1 (b) (3) (ii),[1] but he has filed no objection to the imposition of reciprocal discipline.

The reciprocal discipline arose out of the Florida Supreme Court's temporary suspension of Soto's Florida law license on April 20, 2022, based on his violations of numerous Florida Rules of Professional Conduct by settling lawsuits on behalf of several clients but failing to disburse the settlement proceeds correctly, and repeatedly misleading the clients on the whereabouts of the funds. In its petition for emergency suspension, the Florida Bar provided evidence of Soto's misconduct via affidavits from a staff auditor, who opined that Soto handled his trust accounts "in a manner similar to a Ponzi scheme" by misappropriating funds from multiple clients (often for his personal use) and using funds from other clients'

---

[1] Bar Rule 4-203.1 (b) (3) (ii) provides, in part, that "when the respondent has only provided a post office box or commercial equivalent address . . . and the respondent has not acknowledged service within 10 days of a mailing to respondent's post office box or commercial equivalent address, service may be accomplished by publication once a week for two weeks in the legal organ of the county of respondent's address, as shown on the records of the Membership Department of the State Bar of Georgia, and, contemporaneously with the publication, mailing a copy of the service documents by first class mail to respondent's address . . . ."

settlements to make partial payments to clients whose funds were previously misappropriated.

After the Notice of Reciprocal Discipline was filed in Georgia, Soto filed a Petition for Disciplinary Revocation Without Leave to Apply for Readmission in Florida, stating that he had no prior discipline, listing his pending disciplinary cases, agreeing to pay restitution to the clients involved in the pending disciplinary cases, and requesting that his membership in the Florida Bar be revoked without leave to seek readmission. On June 16, 2022, the Supreme Court of Florida entered an order permanently revoking Soto's license to practice law. The Georgia Bar filed an Amended Notice of Reciprocal Discipline on August 3, 2022, reflecting the fact that Soto's law license had been revoked in Florida.

In its Report and Recommendation, the Review Board considered the facts and circumstances of Soto's underlying misconduct and the Florida disciplinary proceeding as described in the Florida Bar's petition for emergency suspension, and concluded that Soto's conduct as described therein would constitute a violation

3

of the Georgia Rules and could result in the imposition of substantially similar discipline. The Review Board found no basis for recommending anything other than substantially similar discipline. See Rule 9.4 (b) (3) (i)-(vi). Thus, the Review Board recommends that the Court disbar Soto, who has been a member of the Florida Bar since 1984 and the Georgia Bar since 2012.

Neither Soto nor the State Bar has filed objections to the Review Board's Report and Recommendation. Having reviewed the record, we agree with the Review Board that disbarment is the appropriate sanction in this reciprocal discipline matter. Accordingly, it is ordered that the name of Gus Vincent Soto be removed from the rolls of persons authorized to practice law in the State of Georgia. Soto is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*